James H. Boomer, J.
The order of Justice Mastrella referred this proceeding to me to hear -and determine two issues. The first is whether the policy of insurance issued by respondent Allstate Insurance Company, covering the Oabellero automobile, was properly canceled prior to the accident. I find that it was. All parties conceded that the proper notice of cancellation for nonpayment of premium was -sent iby the insurer Allstate to its insured and that the policy was effectively canceled prior to the date of the accident.
The second issue is whether respondents Aetna Casualty and Surety -Company and Insurance Company of North America, *383 or either of them, are coinsurers along with petitioner Summit Insurance Company of the damage suffered iby respondent Terrance H. Beach, under the uninsured motorist provision of their policies.
Terrance Beach demanded arbitration upon an uninsured motorist claim for payment for injuries he received in a motor vehicle accident on July 18, 1973. On that date the motorcycle Beach was driving collided with an automobile operated by í>aniel Cabellero. The Cabellero automobile had been insured by Allstate but as I have found, this policy had been canceled prior to the date of the accident. The motorcycle driven by the injured Beach was owned by Frederick Gamier. Gamier had two policies of liability insurance, both containing an uninsured motorist indorsement. One policy issued by Summit covered liability arising from the ownership of the motorcycle and another policy issued by Aetna Casualty and Surety Company covered liability arising from the ownership of an automobile. Beach, the injured motorcycle driver, had his own policy of insurance issued iby Insurance Company of North America covering liability arising from ownership of his automobile. All of the policies contained standard uninsured motorist indorsements required by subdivision 2-a of section 167 of the Insurance Law. That subdivision requires that every motor vehicle liability policy contain a provision that the insurance company agrees ‘ ‘ it will pay to the insured, as defined in such provision * * * all sums * * * which the insured * * # shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle * * * Any such policy which ¿oes not contain the aforesaid provision shall be construed as if such condition were embodied therein.”
Aetna, which issued the policy to Gamier covering his family automobile, claims it did not provide uninsured motorist coverage to Beach, the injured driver of the motorcycle, since Beach was not defined as an insured under that policy. The Aetna indorsement defines insured as “ the named insured ”, here Gamier, and 1 ‘ any other person while occupying an automobile owned by the named insured ”. (Emphasis supplied.) Aetna claims that since he was not operating an automobile, but a motorcycle, Beach was not an “ insured ” within the definition contained in the indorsement.
This ¿subdivision óf the Insurance Law (Insurance Law, § 167, subd. 2-a) gives the insurer the right to define, in the indorsement, the term “ insured ”. And if we construe the word “ automobile ” to mean what it says, then Beach, who was *384 operating a motorcycle, was not an insured under the terms of the indorsement, and was not entitled to uninsured motorist coverage under the Aetna policy.
The indorsement forms part of a “ Family Automobile Policy ”. Under each of the various other coverages of the policy the term “ automobile ” is defined. From those definitions it is clear that the word “ automobile ” does not include a motorcycle. While the definitions of the word “ automobile ” contained in the policy apply specifically to those parts of the policy in which the definitions appear, those definitions do indicate that the “ Family Automobile Policy ” was not intended to extend coverage to operators of motorcycles. I hold that the term “ autompbile ”, as used in the uninsured motorist indorsement to define an insured, was used in its ordinary sense and it was not intended that it include a motorcycle (Lalomia v. Bankers & Shippers Ins. Co., 35 A D 2d 114).
The word “ automobile ” is used in another connection in the uninsured motorist indorsement. Under the indorsement, Aetna agrees to pay all sums which the insured shall be entitled to recover as damages from the owner or operation of an “ uninsured automobile ”. In this connection, the word “ automobile ” must be construed to mean “ motor vehicle ”. This is not because of any inferred intention of the parties, but solely by operation of law (Insurance Law, § 167, subd. 2-a; Matter of Askey [General Acc. Fire & Life Assur. Corp.], 30 A D 2d 632, affd. 24 N Y 2d 937).
I conclude that respondent Beach was not an insured under the uninsured motorist indorsement of the Aetna policy.
Even if Beach were an insured under the Aetna indorsement, Aetna may not now be called upon to pay since it was not notified of the accident “ as soon as practicable ”. Aetna was not notified until 215 days after the accident. I determine that this was not as soon as practicable. Neither Beach nor Summit has shown due diligence in pursuing any claim against Aetna (see Matter of Lloyd [MV AIC], 23 N Y 2d 478).
Insurance Company of North America makes no claim that respondent Beach is not an insured within the terms of the uninsured motorist indorsement in its policy and, therefore, Insurance Company of North America is a coinsurer along with petitioner Summit Insurance Company of New York of the damages .suffered by respondent Beach.